```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

RAPHAEL C. HERNANDEZ,          )    CIV. NO. 15-00256 SOM/RLP
#A6005635,                     )
                               )    SCREENING AND SERVICE ORDER
            Plaintiff,         )
                               )
    vs.                        )
                               )
STATE OF HAWAII, HALAWA        )
CORR. FAC., DEP'T OF PUBLIC    )
SAFETY, DOE DEFENDANTS 1-      )
100,                           )
                               )
            Defendants.        )
_____)
```

## I. SCREENING AND SERVICE ORDER

Pro se Plaintiff Raphael C. Hernandez is incarcerated at the Halawa Correctional Facility ("HCF"), and brings this civil rights complaint under 42 U.S.C. § 1983. Hernandez alleges that HCF Adult Correctional Officer ("ACO") Maitlin J. Spencer assaulted him on or about August 19, 2013, causing him physical, mental, and emotional injuries, in violation of the Eighth Amendment. Hernandez further alleges the unnamed HCF Warden, Chief of Security, and other unnamed "security" personnel knew that ACO Spencer posed a threat to him before the assault, but nevertheless allowed ACO Spencer to work near Hernandez on two occasions. Hernandez seeks damages and a transfer to another state or federal facility for his protection.

The court dismisses the State of Hawaii, DPS, and HCF as defendants, as discussed below, and DIRECTS the United States

Marshal to effect service of the **Complaint, Doc. No. 1,** on Defendant Maitlin J. Spencer.

## II. STATUTORY SCREENING

The court must screen all civil actions brought by prisoners relating to prison conditions or seeking redress from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Twombly*, 550 U.S. at 555 (stating the court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Leave to amend should be granted if it appears the plaintiff can correct the complaint's defects. *Lopez v. Smith*, 203 F.3d

2

1122, 1130 (9th Cir. 2000); *but cf.*, *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013) (holding that the district court has discretion to dismiss a pro se complaint without leave to amend when "it is clear that the complaint could not be saved by any amendment").

### III. DISCUSSION

Hernandez's Complaint provides sufficient factual content to "allow[] the court to draw the reasonable inference that [ACO Spencer is] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Hernandez's factual allegations against Spencer, taken as true, "plausibly suggest an entitlement to relief, such that it is not unfair to require them to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court DIRECTS service of the Complaint, Doc. No. 1, on ACO Maitlin J. Spencer and REQUIRES him to answer. *See* 42 U.S.C. § 1997e(g)(2).

**A. The State of Hawaii, DPS, and HCF are Dismissed**

Hernandez fails to state a claim against the State of Hawaii, DPS, and HCF, however, and the Complaint will not be served on these Defendants. "In the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the

3

nature of the relief sought." *Id.*; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding that a suit against the State and its Board of Corrections is barred by the Eleventh Amendment absent consent); *see also Cal. Franchise Tax Bd. v. Jackson* (*In re Jackson*), 184 F.3d 1046, 1048 (9th Cir. 1999) (holding that the court may raise Eleventh Amendment immunity *sua sponte*); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*) (holding claims against the California Department of Corrections were barred by state immunity); *Durning v. Citibank*, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (noting that the Eleventh Amendment bars "federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant").

Additionally, states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-66 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). The State, DPS, and HCF have not unequivocally waived their Eleventh Amendment immunity and are not persons within the meaning of 42 U.S.C. § 1983. They **are DISMISSED with prejudice**.

**B.     ACO Spencer and Doe Defendants 1-100**

Defendant ACO Maitlin J. Spencer, although not named in the caption, is clearly named in in the Complaint's body. Hernandez's statements suggest he names Spencer in his individual and official capacities.  Hernandez may pursue discovery to identify the Doe Defendants, and, if he is successful, he may move to amend the complaint to add their identities.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  At present, however, Hernandez provides insufficient facts for the court to plausibly infer that any Doe Defendant violated his rights.

## IV.    SERVICE ORDER

The U.S. Marshal is ORDERED to serve the Complaint and summons on **Defendant Maitlin J. Spencer**.  *See* Fed. R. Civ. P. 4(c)(3).  Hernandez is DIRECTED to effect service on Spencer by mailing a copy of the endorsed Complaint and the fully completed service documents to the U.S. Marshal, as set forth below.  If Spencer waives service of the summons, he shall **return the completed Waiver of Service documents to the U.S. Marshal**, who will file the waiver with the court.  After service is perfected, Spencer is ORDERED to file an Answer or other responsive pleading within the time allowed under Fed. R. Civ. P. 4(d)(3) and 12(a)(1)(A).

IT IS HEREBY ORDERED that:

(1)   Service of the Complaint is appropriate for Defendant ACO Maitlin J. Spencer.  The Clerk shall send Hernandez **a** copy of the endorsed Complaint (if he has not yet received one), **a completed** summons, a USM-285 form, a Notice of Lawsuit and Request for Waiver of Service for Summons form (AO 398), **two (2)** Waiver of Service of Summons forms (AO 399), and an instruction sheet.  **The Clerk shall also send a copy of this order to the U.S. Marshal.**

Hernandez shall complete these forms as directed and submit them to the U.S. Marshal in Honolulu, Hawaii.  *See* Fed. R. Civ. P. 4(i).

   a.   Because Spencer is alleged to be Hawaii Department of Public Safety ("DPS") employee, Hernandez should complete the service documents naming Spencer, address them to **Shelley Nobriga, DPS Litigation Coordinator, 919 Ala Moana Blvd., 4th Floor Honolulu, HI 96814, and send them to the U.S. Marshal.  Ms. Nobriga is authorized to accept one complaint and the waiver of service forms for all DPS defendants.**

(2)   Upon receipt of these documents, the U.S. Marshal shall mail a copy of the Complaint, a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398), and **two** completed

6

Waiver of Service of Summons forms (AO 399) to Defendant, as directed by Hernandez pursuant to Fed. R. Civ. P. 4 without payment of costs.

(3) The U.S. Marshal shall retain the sealed summons and a copy of the Complaint. **Defendant Spencer shall return the Waiver of Service forms to the U.S. Marshal within a reasonable time**, **not more than thirty days** from the date requests for waiver are mailed to him. If the requests for waiver and the Waiver of Service of Summons forms are returned as undeliverable, the U.S. Marshal shall immediately file them with the court.

(4) If Defendant Spencer fails to timely return a Waiver of Service of Summons **within thirty days of mailing**, the U.S. Marshal shall:

    a. Personally serve Defendant Spencer pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c) and shall command all necessary assistance from the Department of Public Safety for service on DPS employees, to execute this Order.

    b. Within ten days after personal service is effected, the U.S. Marshal shall file the return of service, with evidence of any attempts to secure a Waiver of Service of the summons and of the costs subsequently incurred in effecting service, including the costs incurred for photocopying additional copies of the summons and Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed

7

against the personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

(5) Defendant Spencer shall file an answer or other responsive pleading to the Complaint **within sixty [60]** days after the request for Waiver of Service **was sent** (if formal service is waived), or twenty [20] days after personal service.  Failure to do so may result in the entry of default.

(6) Hernandez shall inform the court of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to do so may result in dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(7) After the Complaint is served and Defendant has answered, Hernandez's documents are deemed served when they are filed by the court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 8, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Hernandez v. State,* 1:15-00256 SOM/RLP; SCREENING AND SERVICE ORDER

scrn 2015 Hernandez 15-256 som (dsm prt dir svc); J:\PSA Draft Ords\SOM\Hernandez 15-256 (dsm prt, dir svc).wpd