IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RAPHAEL C. HERNANDEZ, #A6005635, | ) ) ) | CIV. NO. 15-00256 SOM-RLP |
| Plaintiff, | ) ) ) | ORDER DENYING PRELIMINARY INJUNCTION AND/OR PROTECTIVE ORDER |
| vs. | ) ) | |
| MAITLIN J. SPENCER, | ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING PRELIMINARY INJUNCTION AND/OR PROTECTIVE ORDER**

Plaintiff Raphael Hernandez filed this pro se prisoner civil rights action on July 6, 2015. Plaintiff alleges that Defendant Adult Correctional Officer ("ACO") Maitlin J. Spencer assaulted him on August 19, 2013, and has since been a "direct threat to [his] safety." Compl., Doc. No. 1, PageID #4.

On July 8, 2015, the court screened the Complaint, dismissed the State of Hawaii and the Halawa Correctional Facility as Defendants, and directed the United States Marshal to effect service at Plaintiff's direction on ACO Spencer. *See* Screening and Service Order, Doc. No. 5.

On August 10, 2015, Plaintiff filed a "Motion for Preliminary Injunction and/or Protective Order." Doc. No. 9. Spencer has not been served. Plaintiff asserts that Spencer is awaiting criminal prosecution for his 2013 assault on Plaintiff, yet remains "in charge of over seeing my safety, [welfare], and

protection," and that their prior history poses a threat to Plaintiff. *Id.*, PageID #30.

Deputy Attorney General Kendall J. Moser, appearing specially on behalf of Defendant Spencer, filed his Memorandum in Opposition on August 18, 2015. Doc. No. 12. The matter was heard on August 20, 2015. Plaintiff's Motion for a Preliminary Injunction and/or a Protective Order is DENIED.

## I.  LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to that for issuing a preliminary injunction. *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as a matter of right.").

A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1289 (9th Cir. 2013) (quoting *Winter*, 555 U.S. at 20). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' -- a lesser showing than likelihood of success on the merits -- then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Id.* at 1291 (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). "Regardless of which standard applies, the movant always 'has the burden of proof on each element of the test.'" *Blaisdell v. Dep't of Public Safety*, 2014 WL 5581032, at *3 (D. Haw. Oct. 31, 2014) (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir.1980)); *Maloney v. Ryan*, 2013 WL 3945921, at *3 (D. Ariz. July 31, 2013).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoners seeking preliminary injunctive relief against prison officials. Such "relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive

3

means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Section 3626(a)(2) limits a court's power to grant preliminary injunctive relief to inmates; "no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III.  DISCUSSION

Halawa Corrections Supervisor Gary Kaplan states that Plaintiff has been housed in the Halawa High Special Needs Facility since on or about October 27, 2014. *See* Kaplan Decl., Doc. No. 12-1, ¶4. Kaplan attests that ACO Spencer has been assigned to the Halawa Medium Security Facility since March 1, 2015, where he is scheduled to remain until at least November 7, 2015. *Id.* ¶ 5. Spencer is currently assigned to the Learning Center. Kaplan states that, based on the layout of the Halawa Correctional Facility and Plaintiff and Spencer's complete separation from each other in two different buildings, it is unlikely that Spencer and Plaintiff have had contact with each other since March 1, 2015, and it is likely that they will remain separated until at least November 7, 2015.

At the hearing, Plaintiff acknowledged that he and Spencer have not had contact with each other since Plaintiff has been housed at the Halawa High Special Needs Facility and Spencer has been assigned to the Halawa Medium Security Facility. Plaintiff

says his concerns for his safety arise from the recent transfers of other inmates from the High Security Facility to the Medium Security Facility. Plaintiff fears that he too will soon be transferred to the Medium Security Facility where ACO Spencer assigned. Plaintiff worries that, because ACO Spencer is a senior staff member who has the ability to request overtime assignments in areas Plaintiff may frequent, Plaintiff might be subject to harm if moved to the Medium Security Facility. Plaintiff speculates that, if he is moved to the Medium Security Facility, even as a protective custody inmate, he may encounter ACO Spencer in the law library. Plaintiff explains that he seeks a temporary restraining order or a protective order to prevent this possibility, and he seeks assurances that he will remain indefinitely at the Halawa High Special Needs Facility.

    At the hearing, Kaplan could not unequivocally guarantee that Plaintiff would never be transferred from the Halawa High Special Needs Facility, but Kaplan pointed out that Plaintiff is not slated to be moved to the Medium Security Facility. Kaplan stated that he would consult with the Halawa Chief of Security to discuss Plaintiff's fears and attempt to keep ACO Spencer away from areas near Plaintiff when Spencer worked overtime hours. Kaplan also noted that Plaintiff is classified as a protective custody inmate, and there are no plans to change this status. Kaplan noted that, as a protective custody inmate, Plaintiff

could not attend educational programs in areas frequented by ACO Spencer even if transferred to the Halawa Medium Security Facility.

This court will not order the prison to guarantee that Plaintiff will never be moved from the Halawa High Special Needs Facility.  *See Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (admonishing federal courts to avoid "becom[ing] increasingly enmeshed in the minutiae of prison operations"); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (denying injunctive relief beyond what is necessary to correct conditions that violate the Eighth Amendment); *Wylie v. Montana Women's Prison*, 2014 WL 6685983, at *3 (D. Mont. Nov. 25 2014) (denying preliminary injunction and declining to "interfere with day-to-day prison administrative decisions").

Plaintiff has no right to remain in the cell, unit, module, prison, or state of his choice.  *See Montayne v. Haymes*, 427 U.S. 236, 242-43 (1978) (holding inmate has no constitutional right to be housed in a particular state prison); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (holding that no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison); *see also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding that "[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no

justifiable expectation that he will be incarcerated in any particular State.”).

Plaintiff’s generalized fears that he may come into contact with ACO Spencer at some time in the future do not support the requested relief given Kaplan’s explanations of prison policy, ACO Spencer’s work assignment, Plaintiff’s protective custody status, and prison officials’ knowledge of the issues presented. Plaintiff fails to bear his burden of showing that he is likely to succeed on the merits of his claim, the equities tip in his favor, he will suffer irreparable harm in the absence of injunctive relief, and injunctive relief is in the public interest. *See Shell Offshore, Inc.,* 709 F.3d at 1289. Plaintiff does, however, now have on-the-record prison assurances going to his safety. Plaintiff’s Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2015.

/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Hernandez v. Spencer,* 1:15-cv-00256 SOM/RLP; tro 2015; G:\jgross\000 CMECF.emailed for filing\2015 emailed for filing\08.20 WO Hernadez 15-256 som (tro).wpd